26-mj-8225-PGL

## AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER R. JORDAN IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher R. Jordan, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") and have been so employed since January 20, 2019.  I have successfully completed training programs in conducting criminal and administrative investigations at the Federal Law Enforcement Training Center in Brunswick, Georgia.  I have a graduate certificate and a bachelor's degree from Southern New Hampshire University.  I have served as a law enforcement officer for the last approximately 7 years.  My current duties as a Deportation Officer include, but are not limited to, conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States.  I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security after that date.

2.      The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies and a review of documents from the Alien File #  XXX-XXX-243 ("A-File") associated with an individual named Wilson Alfredo FIGUEROA-LANDAVERDE ("FIGUEROA-LANDAVERDE"), DOB: XX/XX/1995.

3.      This affidavit is submitted in support of a criminal complaint charging FIGUEROA-LANDAVERDE with unlawful reentry of deported alien, in violation of Title 8, United States Code, Section 1326(a).

4.      This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint.  In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation.  Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint.

**PROBABLE CAUSE**

5.      On July 3, 2015, a United States Border Patrol Agent encountered an individual in the Rio Grande Valley, Texas and determined that the individual had entered the United States unlawfully via the Mexican border.  The individual was then arrested and brought to the McAllen Border Patrol Station.  This individual was FIGUEROA-LANDAVERDE.

6.      On July 4, 2015, following his arrest, FIGUEROA-LANDAVERDE provided a sworn statement to a Border Patrol Agent at the McAllen Border Patrol Station and admitted that he was a citizen of El Salvador and that he had unlawfully entered the United States by crossing the Rio Grande River on a raft.  FIGUEROA-LANDAVERDE was advised of his rights in Spanish and requested to speak with an El Salvadoran consulate.

7.      The A-File contains a Form I-860 Notice and Order of Expedited Removal that states that, as FIGUEROA-LANDAVERDE 1) was not a citizen or national of the United States; 2) was a citizen of El Salvador; and 3) was "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act," FIGUEROA-LANDAVERDE was not admissible to the United States and consequently was subject to removal.  The Border Patrol Agent signed a Certificate of Service stating that the Notice and Order of Expedited Removal had been personally served on FIGUEROA-LANDAVERDE on July 4, 2015.

8.      The A-File also contains a Form I-296 Notice to Alien Ordered Removed/Departure Verification.  This form contains a section titled "Verification of Removal" that is stamped July

2

14, 2015.  The Verification of Removal reflects a photograph of FIGUEROA-LANDAVERDE and a single fingerprint in the box labeled "Right Index Finger."

9.    The A-File also contains a document titled "Renuncia de Responsabilidad en la Emision de Pasaporte Salvadoreño Para Fines de Repatricion," or Disclaimer for the Issuance of Salvadoran Passport for Repatriation Purposes.  This document reflects FIGUEROA-LANDAVERDE's consent to speak with the El Salvadoran Consulate in Houston by webcam and to provide his fingerprints electronically.  The document also contains a photograph of FIGUEROA-LANDAVERDE, his signature, and fingerprints of his left and right index fingers.  This document is not dated but contains the same photograph of FIGUEROA-LANDAVERDE that is reflected on the I-296 form discussed in paragraph 8.

10.    On July 14, 2015, FIGUEROA-LANDAVERDE was removed from the United States.

11.    On an unknown date, at an unknown place, FIGUEROA-LANDAVERDE reentered the United States without being inspected or admitted by an immigration officer.

12.    On or about February 6, 2026, ERO received a tip line lead indicating that FIGUEROA-LANDAVERDE was present in the United States and residing at an address on Clark Street in Everett, Massachusetts.

13.    On July 1, 2026, ERO officers conducting surveillance observed an individual outside the Clark Street residence loading a pickup truck.  ERO officers determined that the individual appeared to be the same person depicted in the photographs in FIGUEROA-LANDAVERDE's A-File.

14.    ERO officers then initiated their arrest of FIGUEROA-LANDAVERDE. FIGUEROA-LANDAVERDE resisted arrest and, during a struggle with ERO officers, grabbed

3

and unholstered one of the officers' guns.  FIGUEROA-LANDAVERDE was then restrained and taken into ERO custody and is currently being detained.

15.    On July 14, 2026, I reviewed the documents contained in FIGUEROA-LANDAVERDE's A-File and confirmed, among other things, that FIGUEROA-LANDAVERDE is a citizen and national of El Salvador.  The A-File also contains the removal verification documents referenced above.

16.    A review of FIGUEROA-LANDAVERDE's A-File also revealed no evidence that he has ever requested or received the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his deportation.

17.    ERO submitted four sets of FIGUEROA-LANDAVERDE's fingerprints for comparison and on July 6, 2026, Homeland Security Investigations Forensic Lab confirmed that all four were made by the same individual.  Specifically, the following were submitted for analysis:

    a.  Fingerprint card of FIGUEROA-LANDAVERDE, dated July 1, 2026;

    b.  Fingerprint of FIGUEROA-LANDAVERDE contained on I-296 Form Notice to Alien Ordered Removed/Departure Verification, containing the departure date of July 14, 2015;

    c.  Fingerprint of FIGUEROA-LANDAVERDE contained on the Disclaimer for the Issuance of Salvadoran Passport for Repatriation Purposes document; and

    d.  FBI fingerprint card of FIGUEROA-LANDAVERDE, dated July 3, 2015.

## **CONCLUSION**

18.    Based on the foregoing facts, I submit there is probable cause to believe that on or about July 1, 2026, FIGUEROA-LANDAVERDE, being an alien and having been excluded, removed, or deported from the United States on or about July 14, 2015, was thereafter found in

4

the United States without having received the express consent of the Attorney General or the

Secretary of the Department of Homeland Security to reapply for admission to the United States,

in violation of Title 8, United States Code, Section 1326(a).

_Christopher R. Jordan /by Paul G. Levenson_
CHRISTOPHER R. JORDAN
Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of
July 16, 2026.

HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE